T. Jason Wood, Esq.
THOMSEN STEPHENS LAW OFFICES, PLLC
2635 Channing Way
Idaho Falls, ID  83404
Telephone  (208) 522-1230
Fax  (208) 522-1277
ISB No. 5016

 Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| WILLIAM FRAZIER, | ) | Case No._____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | COMPLAINT AND DEMAND |
| THORNE RESEARCH, INC., an | ) | FOR JURY TRIAL |
| an Idaho corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff William Frazier, for cause of action against defendants Thorne Research, Inc., alleges as follows:

1.  This action arises, in part, under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2611 *et seq.*  This Court has jurisdiction pursuant to 29 U.S.C. § 2617(a), 28 U.S.C. § 1331, and 28 U.S.C.  § 1367.

2. Plaintiff Frazier is an "eligible employee" within the meaning of 29 U.S.C. § 2611(2). Plaintiff began working for Thorne Research, Inc. (hereinafter referred to "Thorne") on or about November 12, 2007, at Thorne's facility in Dover, Idaho, which has more than 50 employees within 75 miles.

3. Thorne is a covered employer within the meaning of 29 U.S.C. § 2611(4) in that Thorne is engaged in commerce or in an activity affecting commerce, and employs 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year.

4. On June 16, 2010, Thorne terminated Frazier's employment. The reason Thorne gave was alleged excessive and unapproved absences from work.

5. Contrary to Thorne's statements and assertions, Frazier's absences were not excessive, under neither FMLA nor company policy, and in fact Thorne approved Frazier's vacation absence.

6. Many of Frazier's absences from work, which Thorne wrongly considered "excessive," were for surgeries to remove his gall bladder, and later a cyst, and to care for his wife who suffers from a severe case of fibromyalgia, all of which constitute serious health conditions within the meaning of 29 U.S.C. § 2611(11) and of 29 C.F.R. § 825.114.

7. Frazier provided Thorne with the necessary medical certifications of the aforesaid serious health conditions pursuant to FMLA.

8. At the time of his termination, Frazier had not exceeded the 12 weeks leave allowed by the Family and Medical Leave Act, nor had he exceeded the leave available to him under Thorne company policy.

9. A motivating or determining factor in Thorne's decision to terminate Frazier's employment was the leave he took to care for his and his wife's serious health conditions, which were protected by FMLA and Thorne company policy.

10. Thorne's termination of Frazier on June 16, 2010, was in violation of the Family and Medical Leave Act, entitling Frazier to all remedies thereunder, constitutes a breach of the covenant of good faith and fair dealing implied in Frazier's employment agreement with Thorne, and was in violation of public policy.

11. Pursuant to 29 U.S.C. § 2617, and Idaho law, Frazier is entitled to the following remedies:

    a. Lost wages and benefits from and after the date of termination to date of trial, in an amount to be proven at trial;

    b. Interest on said lost wages and benefits;

    c. Lost future wages and benefits in an amount to be determined at trial;

    d. Consequential damages; and

    e. Liquidated damages equal to the amount of lost wages and benefits.

12. Pusuant to 29 U.S.C. § 2617(a)(3), Frazier is entitled to an award of reasonable attorney fees, reasonable expert witness fees and other costs incurred in this action to be paid by Thorne.

13. In addition, or in the alternative, to the foregoing, a substantial and motivating factor in Thorne's decision to terminate Frazier's employment was the high cost of Frazier's claims on his health insurance benefits for the care of the serious health conditions of himself and his wife, in violation of public policy and the implied covenant of good faith and fair dealing

14. Frazier is entitled to an award of his reasonable attorney fees for such violations pursuant to Idaho Code Section 12-120(3).

15. Thorne also shorted Frazier on his paychecks, failing to pay Frazier for hours he actually worked.

16. When Frazier complained to Thorne about the unpaid wages in April 2010, Thorne fired him.  In addition or in the alternative to the foregoing, a substantial and/or motivating factor in Thorne's decision to terminate Frazier's employment was because he complained to Thorne about his unpaid wages, in violation of Idaho Code § 45-613.

17. Pursuant to Idaho Code § 45-615, Frazier is entitled to three (3) times his unpaid wages, plus all costs and attorney's fees reasonably incurred herein.

18. Frazier is entitled to an award of prejudgment interest pursuant to Idaho Code § 28-22-104.

WHEREFORE, Plaintiff prays the judgment, order and decree of this Court as follows:

1. For judgment against defendant for past lost wages and benefits, plus interest thereon, in an amount to be determined at trial;

2. For judgment against defendant for future lost wages and benefits, in an amount to be determined at trial;

3. For liquidated damages in an amount equal to the amount of lost wages and benefits;

4. For three (3) times plaintiff's earned but unpaid wages.

5. For an award of Frazier's reasonable attorney fees, expert witness fees, and costs of litigation incurred herein; and

6.    For such other and further relief as the court deems just and proper.

DATED this 10th day of November, 2010.

                                                THOMSEN STEPHENS LAW OFFICES, PLLC

                                  By:    /s/
                                                T. Jason Wood, Esq.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury.

DATED November 10, 2010.

                                                THOMSEN STEPHENS LAW OFFICES, PLLC

                                                By:   /s/
                                                          T. Jason Wood, Esq.

C:\Users\WoodLaw\Documents\Frazier\Complaint.wpd