Gerald T. Husch, ISB No. 2548
Tyler J. Anderson, ISB No. 6632
MOFFATT, THOMAS, BARRETT, ROCK &
    FIELDS, CHARTERED
101 S. Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho  83701
Telephone  (208) 345-2000
Facsimile  (208) 385-5384
gth@moffatt.com
tya@moffatt.com

Attorneys for Defendant Thorne Research, Inc.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM FRAZIER,<br><br>                Plaintiff,<br><br>vs.<br><br>THORNE RESEARCH, INC.,<br><br>                Defendant. | Civil No. 2:10-cv-00555-EJL<br><br>**ANSWER TO COMPLAINT** |

        COMES NOW the Defendant, Thorne Research, Inc., ("Thorne Research" or "Defendant"), by and through its undersigned counsel, and without admitting any liability or damages to Plaintiff William Frazier ("Plaintiff") and without assuming the burden of proof as to any issue in this litigation, answers Plaintiff's Complaint and Demand for Jury Trial as follows:

        In answering the Complaint, Defendant expressly reserves, in addition to the defenses set forth below, all defenses provided for or authorized by Rule 12(b) of the Federal Rules of Civil Procedure and all other defenses provided by law.

**ANSWER TO COMPLAINT - 1**

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted and should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**SECOND DEFENSE**

In response to the specific allegations of Plaintiff's Complaint, Defendant denies each and every allegation contained in Plaintiff's Complaint that is not expressly and specifically admitted herein and admits, denies and alleges as follows:

1. Defendant admits the allegations of paragraph 1 of the Complaint.
2. Defendant admits the allegations of paragraph 2 of the Complaint.
3. Defendant admits the allegations of paragraph 3 of the Complaint.
4. Defendant denies the allegations of paragraph 4 of the Complaint.
5. Defendant denies the allegations of paragraph 5 of the Complaint.
6. Defendant denies the allegations of paragraph 6 of the Complaint.
7. Defendant denies the allegations of paragraph 7 of the Complaint.
8. Defendant denies the allegations of paragraph 8 of the Complaint.
9. Defendant denies the allegations of paragraph 9 of the Complaint.
10. Defendant denies the allegations of paragraph 10 of the Complaint.
11. Defendant denies the allegations of paragraph 11 of the Complaint.
12. Defendant denies the allegations of paragraph 12 of the Complaint.
13. Defendant denies the allegations of paragraph 13 of the Complaint.
14. Defendant denies the allegations of paragraph 14 of the Complaint.
15. Defendant denies the allegations of paragraph 15 of the Complaint.

16. Defendant denies the allegations of paragraph 16 of the Complaint.

17. Defendant denies the allegations of paragraph 17 of the Complaint.

18. Defendant denies the allegations of paragraph 18 of the Complaint.

### THIRD DEFENSE

Plaintiff's claims in this matter are barred, in whole or in part, by his failure to mitigate damages. By asserting this defense, Defendant does not admit the existence of any liability or damages alleged or otherwise.

### FOURTH DEFENSE

The amount claimed by Plaintiff to be due and owing for lost wages and/or benefits must be reduced and offset by any amount that the Plaintiff earned or could have earned, with the exercise of reasonable diligence, during the period for which lost earnings are sought by Plaintiff. By asserting this defense, Defendant does not admit the existence of any liability or damages alleged or otherwise.

### FIFTH DEFENSE

Plaintiff's claims in this matter are barred, in whole or in part, by the doctrine of unclean hands. By asserting this defense, Defendant does not admit the existence of any liability or damages alleged or otherwise.

### SIXTH DEFENSE

Plaintiff's claims in this matter are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches. By asserting this defense, Defendant does not admit the existence of any liability or damages alleged or otherwise.

### SEVENTH DEFENSE

Plaintiff has failed to perform his obligations and duties under the terms of the agreement at issue and was and is in material breach thereof. Therefore, Defendant is excused

from its obligations, if any, to Plaintiff.  By asserting this defense, Defendant does not admit the existence of any liability or damages alleged or otherwise.

### EIGHTH DEFENSE

Plaintiff's wage claims may be barred in whole or part by the six-month statute of limitations set forth in Idaho Code Section 45-614.  By asserting this defense, Defendant does not admit the existence of any liability or damages alleged or otherwise.

### NINTH DEFENSE

Plaintiff's claim—that he is entitled to three (3) times his alleged unpaid wages, plus his costs and reasonable attorney fees, pursuant to Idaho Code Section 45-615—is barred by Idaho Code Section 45-611 because Defendant paid all wages not in dispute within the time limits set forth in Idaho Code Section 45-611 and Plaintiff cannot show that any remaining balance due was withheld willfully, arbitrarily and without just cause.  By asserting this defense, Defendant does not admit the existence of any liability or damages alleged or otherwise.

### TENTH DEFENSE

Defendant is entitled to an award of its costs and attorney fees pursuant to Idaho Code Section 45-612(2) because Plaintiff initiated this civil proceeding to collect unpaid wages or other compensation based in whole or in part on a false claim which Plaintiff knew to be false at the time Plaintiff brought this action.

### ELEVENTH DEFENSE

Defendant has been required to retain the law firm of Moffatt, Thomas, Barrett, Rock & Fields, Chartered, to defend against Plaintiff's Complaint, and is entitled by applicable law to recover its costs including but not limited to its reasonable attorneys' fees incurred in the defense of this matter pursuant to Idaho Code Sections 12-121 and/or 12-120(3).

**ANSWER TO COMPLAINT - 4**                                                                                             Client:1850159.1

## TWELFTH DEFENSE

Defendant has not conducted discovery in this action and, therefore, expressly reserves the right to amend this Answer to add additional or supplemental defenses or to file and serve other responsive pleadings, allegations, or claims.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for relief as follows:

1. That Plaintiff's Complaint be dismissed and Plaintiff take nothing thereby;

2. For Thorne Research' costs and attorney's fees and costs incurred in defending the Complaint; and

3. For such other and further relief as the Court deems just and proper.

DATED this 8th day of December, 2010.

                                                MOFFATT, THOMAS, BARRETT, ROCK & FIELDS, CHARTERED


By  /s/ Gerald T. Husch
    Gerald T. Husch – Of the Firm
    Attorneys for Defendant Thorne Research, Inc.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 8th day of December, 2010, I filed the foregoing **ANSWER TO COMPLAINT** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**T. Jason Wood**
tjwood@thomsenstephenslaw.com

                /s/  Gerald T. Husch
                Gerald T. Husch